ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

RECEIVED
2006 APR 25 P 1:57

| | |
|---|---|
| MARK EDWARDS, ) | |
|     Movant/Petitioner, ) | |
| ) | |
| V. ) | CASE No. 2:06cv375-MEF |
| ) | 3:02-CR-14-JTC, Northern- |
| SCOTT MIDDLEBROOKS, WARDEN, F.P.C.- ) | District of Georgia |
| -MONTGOMERY, AL., & UNITED STATES- ) | |
| OF AMERICA, ) | |
|     -Respondents. ) | |

**WRIT FOR HABEAS CORPUS, TITLE 28,USC §2241**

**COMES NOW PETITIONER, MARK EDWARDS,** prisoner in custody of The Bureau of Prisons at Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama, and moves in this Honorable Court for relief from an **Illegal Sentence.** That the portion of the sentence which is the subject of this grievance, was imposed illegally and **Unconstitutionally.** That the Warden of this Institution is seeking to enforce the said unconstitutional portion of the sentence upon this petitioner, in violation of the laws of The United States, and in effect, -detaining petitoner under color of law, - and to further deprive petitioner of freedom by illegal detention contrary to the **5th** Amendment's provision of fundamental fairness.

Specifically, Petitioner states that the time that constitutes completion of the legal portion of his sentence, has been served, or will be shortly served, and that respondents intend to further detain petitioner beyond what is legally permissable.

**(PAGE ONE)**

## JURISDICTION UNDER 28 USC §2241

First, Petitioner was denied relief from the issue herein under recent filing of **28 USC §2255, as petitoner did not become aware, until after the one-year window allowed by the AEDPA for which to file §2255 petition,** of the illegality of the instant-issue. The issue was addressed to the District where petitioner plead guilty and was sentenced, and now brings this complaint to the District here, where he remains committed.

> It is function of writ of habeas corpus to question right of any agency of federal government to deprive person of his liberty at any stage when person was put under restraint by any authority the legitimacy of which, or edicts of which, he challenged."
> **Ex Parte Stewart**(1942,DC Cal) 47 F. Supp 410

## THE ISSUE

Petitioner, Mark Edwards, plead GUILTY in the United States District Court for The Northern District of Georgia, Newnan Division, in year 2002, to Indictment No. **3:02-CR-14-JTC**, charging violation of **21 U.S.C. §841-(a)(1), and (b)A (viii)**, or intent to distribute at least 50 Grams of methamphetamine.

Petitioner plead guilty, received a **70,** -Seventy Month Sentence. Petitioner remains GUILTY of the charge of the Indictment. However, Petitioner **capriciously received a Two-Point enhancement at sentencing for Possession of a Firearm**, conduct for which WAS NOT CHARGED IN THE INDICTMENT, and conduct for which petitioner asserts his actual innocence. Petitioner asserts that the portion of his sentence enhanced is **illegal and unconstitutional**.

(PAGE TWO)

## THE ISSUE

Petitioner asserts that he met all criteria under **Title 18, 3553, for "safety valve" sentencing, which would have given petitioner a less of a** Sentence, but for the unfair, capricious and erroneous-assertion by The United States at sentencing phase, that a firearm was found in a seperate building and on property where this petitioner had no ownership, title, or other knowledge said firearm even existed, if in fact a firearm was found in said adjacent building.

Petitioner/defendant's attorney of record failed to object to the capricious introduction of the firearm issue at sentencing. This firearm issue under the circumstances having been held illegal in several previous cases by various circuits, and as the firearm was not charged in the indictment, same being required as held in **Apprendi v. New Jersey,** 530 U.S. (2000).

The District Court erred in considering The United State's capricious introduction of a firearm possession at sentencing. Petitioner received ineffective assistance of Counsel, and This Institution is now seeking to enforce the **fruit of The Poisonous tree,** by insisting that petitioner complete a **70 MONTH SENTENCE, or additional and excessive, illegal detention,** the direct result of clearly unconstitutional proceedings.

On the grounds that the enforcement of the seventy month sentence is fundamentally unfair, your petitioner seeks relief on grounds of **Due Process denied.**

(PAGE THREE

## ANALYSIS

Petitioner asserts that **Apprendi v. New Jersey**, 530 U.S.,(2000), was controlling law valid at the time he received a two-point enhancement for a firearm, a firearm that was not produced, and only capriciously alluded to at his sentencing phase by the government and not otherwise included in the Indictment. In **Apprendi**, it was held that: **"other than than the fact of a prior conviction"**, any conduct that increases the penalty for a crime must be submitted to the Grand Jury, and returned in the indictment.

In a similar case in circumstance to the instant grievance here,-**U.S. v. HUDSON**, 129, F. 3d 995,(8th Circuit, 1997), Paula D. Hudson was indicted and charged with violation of **21 USC 841(A)(1), and §846**,-conspiring to distribute methamphetamine. Hudson received, as this petitioner did, <u>a two-point level enhancement</u> under **§2D1.1(b)(1),(1995)**, finding that **Hudson** possessed a firearm in connection to her drug offense.

**The Appeals Court held on appeal that the enhancement based on defendant Hudson's alledged possession of a firearm, <u>-was not supported by the record.</u>**

In the instant case, not only was petitioner's enhancement-"not supported by the record", it <u>was not even included in the pre-sentence report</u>. Another case with similar circumstance: SEE **U.S. v. COOPER**, 274, F. 3d 230, (5th Circuit).

**(PAGE FOUR)**

## ARGUMENT & CONCLUSION

Petitoner asserts that the failure to NOTIFY this defendant prior to sentencing, **Denied the notification requirements of Due Process clause**, this issue being uncharged by the Grand Jury, and not included in any report, memorandum, or otherwise informed prior to sentencing.

The raising of this issue by the United States at sentencing was a **capricious and arbitrary act**, and deprived defendant/petitioner of Fundamental Fairness. Petitioner received Ineffective Assistance of Counsel, as his defense attorney, purporting to be "learned in the law", -failed to object, and as shown by **Apprendi**, **and the relevant case law from other circuits, this type of enhancement was common knowledge within the purview of learned defense counsel** at the time of petitioner/defendant's sentencing and enhancement, as illegal.

In Conclusion,
**Petitioner/defendant's legal counsel failed him, while the United States violated defendant's right to DUE PROCESS OF LAW,** resulting in the District Court's adoption of arbitrary and capriciously introduced assertion of "possession" of a firearm, a firearm that was not produced in court, nor otherwise corroborated as fact, and most importantly-not included in the Indictment.

Niether the United States, nor the warden of this Institution has right to enforce the current sentence, or such portion thereof that was imposed in violation of Petitioner's fundamental rights.

**(PAGE FIVE)**

## IN CONCLUSION

Simply put, **NO FIREARM WAS USED,"IN RELATION TO" the Indicted -drug crime**.

> "Jury instruction in trial for use of firearm during and in relation to drug trafficking offense which ommited requirement that gun be used "in relation to" offense violated defendant's **due process rights** since relation is essential element of crime"
> <u>States v. Mendosa</u>, (1993, CA9 Wash) 11 F3d 126, 93 CDOS 8937, 93 Daily Journal DAR 15233.

Whereas this defendant/petitioner plead guilty and accepted responsibility for the drug-crime, he was actually innocent of firearm use "in relation to" the charge of the Indictment, and the above case demonstrates the same principal.

## RETURN

On the above premises considered, your petitioner moves that the Warden and the United States be ordered to make return to petitioner's claim that the sentence violated the **Due Process Clause**. Rule 35(a), Federal Rules of Criminal Procedure allows that an illegal sentence be corrected-"at any time', and this is the relief petitioner claims right.

RESPECTFULLY SUBMITTED,

THIS 24 DAY OF APRIL, 2006,

By-

_____
**MARK EDWARDS, PETITIONER, PRO-SE**
#53654-019, F.P.C. MAXWELL AFB,
MONTGOMERY, ALABAMA, 36112
**(PAGE SIX)**

## PROOF OF SERVICE

I, **MARK EDWARDS, PETITIONER IN THE FOREGOING** WRIT FOR HABEAS-CORPUS, **TITLE 28, U.S.C., §2241,** DO HEREBY CERTIFY THAT I HAVE CAUSED A TRUE COPY TO BE SERVED BY PLACING SAME IN THE MAIL-BOX OF THIS INSTITUTION, U.S. POSTAGE PAID, AND ADDRESSED TO THE FOLLOWING PARTIES:

1. A.U.S.A. ANDREA JORDAN,
   Sally Q. Yates, U.S. attorney,
   U.S. Attorney's Office,
   Northern District of Georgia,
   600 U.S Courthouse, 75 Spring Street, N.W.
   ATLANTA, GEORGIA, 30303-3309

2. Scott Middlebrooks,
   Warden, F.P.C. Maxwell Air Force Base
   Montgomery, Alabama, 36112

So sworn under penalty for perjury, -and U.S.C. **§1746**,

THIS 24 DAY OF APRIL, 2006,

BY- _Mark Edwards_
MARK EDWARDS, PETITIONER, PRO-SE
#53654-019, MONTGOMERY UNIT
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112

(PAGE **SEVEN**)