IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MARK EDWARDS, #53654-019            *

     Petitioner,                          *

     v.                                   *            2:06-CV-375-MEF
                                                             (WO)
SCOTT MIDDLEBROOKS, WARDEN,          *
*et al.*,
                                     *

     Respondents.

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner, Mark Edwards, an inmate confined at the Maxwell Federal Prison Camp, initiated this case as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner states that in 2002 he entered a guilty plea in the United States District Court for the Northern District of Georgia, Newnan Division, to distributing a controlled substance in violation of 21 U.S.C. § 841. Petitioner received a 70 months prison term for his conviction. He alleges that the sentence is illegal, however, because the district court erred in enhancing his sentence for possession of a firearm – a matter not charged in the indictment. Petitioner maintains that he is actually innocent of this conduct and, therefore, he argues that enhancement of his sentence on this basis was illegal and unconstitutional. He also challenges his trial counsel's failure to object to the introduction of the firearm issue at sentencing. Petitioner requests that his illegal sentence be corrected.

## DISCUSSION

To the extent that the instant petition contains claims challenging the legitimacy of the sentence imposed on him for his drug conviction,[1] Petitioner may not proceed before this court on a habeas petition filed under 28 U.S.C. § 2241.  The law is well settled that 28 U.S.C. § 2255 is the exclusive remedy for an inmate who seeks to challenge the validity of a federal conviction and sentence, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention."  28 U.S.C. § 2255.

With respect to Petitioner's challenge to his enhanced sentence pursuant to his drug conviction, it appears from the pleadings filed herein that Petitioner filed this action pursuant to § 2241 in an attempt to circumvent the  applicable one-year period of limitation and/or the constraint on successive petitions contained in 28 U.S.C. § 2244(b)(3)(A).[2]  Under no circumstances, however, can this court permit Petitioner's circumvention of the procedural gatekeeping provisions contained in the AEDPA.  Consequently, since the instant petition is filed under the erroneous premise that relief under § 2241 is appropriate as the applicable limitation period and/or the successive petition bar have rendered § 2255 inadequate or ineffective to challenge the legality of Petitioner's detention, the court concludes that Petitioner is entitled to no relief on his claim challenging the constitutionality of the sentence

---

[1]Petitioner states that he does not contest the validity of  his drug conviction but maintains that he is innocent of having his sentence enhanced due to a finding that he used a firearm in  relation to a drug crime.(Doc. No. 1 at pg. 6.)

[2]"A 1-year period of limitation shall apply to a motion under this section."  28 U.S.C. § 2255 ¶6. "Before a second or successive [28 U.S.C. § 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

imposed based on his drug conviction.

The petition and supporting arguments demonstrate that Petitioner's claims may be barred from review in a 28 U.S.C. § 2255 motion before the United States District Court for the Northern District of Georgia by the AEDPA's gatekeeping provisions on untimely and/or successive petitions.[3]   The Eleventh Circuit has determined that the inadequate and ineffective "savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).   All the Constitution requires, if it requires anything, is that a reasonable opportunity existed through which an inmate could have pursued judicial relief on his claims. *Id.*

Petitioner's claims are not premised upon a Supreme Court decision issued after his conviction which was made retroactively applicable nor was Petitioner "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245.  Moreover, Petitioner was not foreclosed by pertinent federal law from presenting the claims now before this court

---

[3]Petitioner filed a motion to vacate under 28 U.S.C. § 2255 on September 14, 2005 in the United States District Court for the Northern District of Georgia. *See United State v. Edwards*, Criminal Action No. 3:02-CR-14-JTC and *Edwards v. United States*, Civil Action No. 3:05-CV-92-JTC (N.D. Ga. 2005), *available at* https://www.ecf.gand.uscourts.gov.  The motion was dismissed as untimely on September 30, 2005. *Id.*

at the time these claims otherwise should have been raised.  The pleadings filed herein establish that Petitioner had the requisite procedural opportunity to raise the instant habeas claims challenging the constitutionality of his sentence enhancement and to have such claims decided either by the trial court, on direct appeal, or in a properly filed § 2255 motion.  Such opportunity is all the Constitution requires.  *Id*. at 1244.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA.  *See Wofford*, 177 F.3d at 1245.  "[T]he savings clause . . . does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."  *Id*.  "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts --through statutes like the AEDPA – to place limits on federal collateral review."  *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ").  In light of the foregoing, the court concludes that Petitioner's instant

challenge to the sentence imposed pursuant to his plea of guilty to violating 21 U.S.C. § 841

is not cognizable in a § 2241 petition.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Petitioner's

challenge to the validity of the sentence imposed pursuant to his drug conviction be DENIED

and DISMISSED with prejudice as it is not properly before this court in a 28 U.S.C. § 2241

petition for habeas corpus relief.

It is further

ORDERED that the parties shall file any objections to the  Recommendation on or

before May 16, 2006.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

DONE, this 3rd day of May, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE