IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

MARK EDWARDS, )
    Movant/Petitioner )
)
V. )
) CASE NO. <u>2:06-CV-375-</u>
SCOTT MIDDLEBROOKS, WARDEN, ) <u>-MEF</u> (WO)
-F.P.C. MONTGOMERY, AL., &- ) 3:02-CR-14-JTC, Northern-
UNITED STATES OF AMERICA, ) District of Georgia
    -Respondents. )
_____/

<u>MOTION FOR DISTRICT COURT'S REVIEW OF-
RECOMMENDATION OF THE MAGISTRATE</u>

    COMES NOW PETITIONER, **MARK EDWARDS,** IN THE ABOVE REFERENCED- CIVIL CASE, BY AND THROUGH HIMSELF, IN **PRO-SE,** AND TO MAKE MOTION IN THIS HONORABLE COURT FOR REVIEW OF THE MAGISTRATE'S RECOMMENDATION OF MAY 3, 2006, AND THAT THE SAME BE REVIEWED BY A DISTRICT COURT JUDGE. IN SUPPORT OF THIS MOTION, PETITIONER WOULD STATE AS FOLLOWS:

1. As per the history preceding the original grievance, Petitioner entered a guilty plea in year 2002, in The U.S. District Court of georgia, Newnan Division, to distributing a controlled substance in violation of **21 U.S.C. §841,** and received a **70-months** sentence for same.

2. That the sentence is <u>illegal and unconstitutional</u>, as that District Court erred by enhancing his sentence for possession of a firearm <u>not charged in the Indictment</u>. Further objects that trial counsel did not object to the firearm issue-an issue known

**(PAGE ONE)**

--within the purview of learned lawyers, as patently illegal pursuant to Supreme Court Precedent held in **Apprendi v. New Jersey,** 530 U.S. (2000), which was good and controlling law at the time of Petitioner's criminal case. This same precedent having been held before the Supreme Court's ruling in **Apprendi,** by several U.S. District Courts and courts of Appeals in various circuits prior to **Apprendi.** *1

3. Petitioner is challenging his sentence on basis that this illegal sentence is in violation of the Fifth Amendment of The United States Constitution, as Due Process denied.

> "Defendant was entitled to certificate of appealability where defendant's plea that he was wrongfully convicted of using a firearm during drug-trafficking offense implicated his Due Process Rights."
> United States v. Gobert, (1998, CA5 La) 137 F3d 315, corrected (1998 (CA5 La) 139 F. 3d 436.

4. As for the procedural-bar of "§2255" motions, petitioner asserts that because he himself is unlearned in the law, and became aware of the illegality of the sentence only after the one year AEDPA, that it is, to this Pro Se petitioner, newly discovered, and has proceeded on this premise.

5. Moreover, petitioner's attorney failed to object, and under the simple circumstances, it is clear that Petitioner received Ineffective Assistance of Counsel, a Sixth Amendament violation of The U.S. Constitution.

6. Finally petitioner asserts that he is ACTUALLY INNOCENT OF POSSESSING A FIREARM, a firearm not in his possession at the time of arrest, not in the house he was arrested in, not in his name, and NOT CHARGED IN THE INDICTMENT, or shown in court.

**7. Therefore,** NO FIREARM WAS USED "IN RELATION TO" to the indicted drug-crime.

> "Jury instruction in trial for use of firearm during and in relation to drug trafficking offense which ommited requirement that a gun be used **"in relation to"** offense <u>violated defendant's Due Process rights</u> since relation is essential element of crime.
> **United States v. Mendosa,** (1993, CA9, Wash) 11 F 3d 126, 93 CDOS 8937, 93 Daily Journal DAR 15233.

While petitioner did not go to trial, the above principal in **<u>Mendosa</u>** should apply also in the instant case, in concert with the **<u>Apprendi</u> ruling.** That is, an essential element of bringing any Firearm enhancement in relation to drug trafficking, is that it be used "in relation to" the drug offense. This was not shown, explained, raised or otherwise proved by the government. And petitioner contends that as the firearm was <u>not charged in the indictment</u>, the Due Process violation here-**is clear.**

> "The Due Process clause....'requires that any fact that increases the statutory maximum- other than the fact of a prior conviction-must be submitted to a jury and proven beyond a reasonable doubt."..
> **Apprendi v. New Jersey,** 530 US 466, 147 L. Ed. 2d 435, 120 S Ct 2348

---

1* <u>U.S. v. COOPER, 274, F.3d 230, (2001); U.S. v. HUDSON, 129-</u>
<u>-F. 3d 995, (8th Cir. 1997).</u>

**(PAGE THREE)**

## IN CONCLUSION

Petitioner is entitled to "equitable tolling", as his discovery of the illegality of his sentence was not discovered for until most recently, albeit after any one year window for this type filing.

Petitioner/defendant's lawyer clearly failed to object or file appeal as requested at the time of receiving said illegal sentence. This constituted ineffective assistance of counsel, because precedent after precedent had been held in various circuits, even before Apprendi. However effective counsel would have been aware of the **Apprendi** ruling.

**Petitioner, is therefore <u>actually innocent</u> of the crime of possessing a firearm, "in relation to" his drug offense,** this conduct which effectively increased his sentence, <u>not being charged in the indictment.</u>

On the above premises considered, your petitioner claims entitlement to correction of sentence. **Rule 35 (a)**, federal Rules of Criminal Procedure **allows that "an illegal sentence be corrected-"at any time", and moves that this court order his sentence to be so corrected,** on the grounds of <u>Due Process denied.</u>

RESPECTFULLY SUBMITTED,

THIS  *15*  DAY OF MAY, 2006,

By-

*Mark Edwards*

MARK EDWARDS, PETITIONER,    PRO-SE
#53654-019, F.P.C. MAXWELL, A.F.B.
MONTGOMERY, ALABAMA, 36112

**(PAGE FOUR)**

PROOF OF SERVICE
---

I, MARK EDWARDS, PETITIONER IN THE FOREGOING MOTION FOR DISTRICT COURT'S REVIEW OF MAGISTRATE'S RECOMMENDATION", do hereby swear and affirm, that the respondent -United States of America, has been sent a true copy of same, First Class Postage Paid, to the following address:

SALLY Q. YATES,
UNITED STATES ATTORNEY'S OFFICE
Northern District of Georgia
600 COURTHOUSE, 75 SPRING ST..N.W.
ATLANTA, GEORGIA, 30303-3309

-AND SAME DAY COPY TO THIS COURT,

DONE, THIS __15__ DAY OF MAY, 2006,

AND SWORN BY 28 U.S.C. §1746,

BY-  *(signature)* Mark Edward
_____
MARK EDWARDS, PETITONER, PRO-SE
#53654-019, MONTGOMERY UNIT
FEDERAL PRISON CAMP, MAXWELL
MOBTGOMERY, ALABAMA, 36112

**(PAGE FIVE)**